1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

DAVID L. WHIPPLE,

11

                    Plaintiff,

12

            v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

                    Defendant.

16

CASE NO. 13-cv-06079 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

20 Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 14, 23, 24).

21      After considering and reviewing the record, the Court concludes that although

22 both parties agree that the ALJ erred, and although plaintiff has established that two of

23 the three aspects of the "credit-as-true" test are met, plaintiff has not established that the

24

ALJ would be required to find plaintiff disabled if the improperly discredited evidence from Ms. Lang was credited as true.

Therefore, this matter is reversed and remanded for further administrative proceedings.

BACKGROUND

Plaintiff, DAVID L. WHIPPLE, was born in 1955 and was 55 years old on the amended alleged date of disability onset of April 8, 2010 (*see* AR. 26, 116-19, 120-23). Plaintiff has a high school education (AR. 32).   Plaintiff has work experience in a door company and as a school custodian (AR. 33-41).

According to the ALJ, plaintiff has at least the severe impairments of "left shoulder strain status post acromioplasty and lumbar strain with degenerative changes (20 CFR 404.1520(c))" (AR. 15).

At the time of the hearing, plaintiff was living in a home with his wife (AR. 31-32).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 59-61, 64-68). Plaintiff's requested hearing was held before Administrative Law Judge Mattie Harvin-Woode ("the ALJ") on April 19, 2012 (*see* AR. 24-56). On June 18, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-23). While this civil action was pending before this Court, plaintiff filed a new application for DIB

benefits, and was found disabled as of the day after the date of the ALJ decision subject to the appeal herein (*see* Response Brief, Dkt. 23, p. 3).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; (4) Whether or not the ALJ erred by basing her step four finding on a residual functional capacity assessment that did not include all of plaintiff's limitations, and by failing to find that plaintiff's past work as a bead cutter was a composite job; (5) Whether or not the ALJ erred by failing to find that plaintiff was disabled under the framework of Medical-Vocational Rule 202.06; (6) Whether or not new evidence submitted to the Appeals Council supports reversal of the ALJ's decision; and (7) Whether or not this Court should exercise its discretion and award benefits to plaintiff (*see* Dkt. 14, pp. 1-2).

The defendant agrees with plaintiff that the ALJ erred in evaluating plaintiff's application and that the matter should be remanded, however defendant disagrees with plaintiff's requested remedy of reversal for payment of benefits (*see* Dkt. 23, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

1

<u>DISCUSSION</u>

2

**Whether the case should be remanded for further administrative proceedings or reversed for payment of benefits.**

3

4

The parties agree that the ALJ erred in her evaluation of the opinion of Ms. Lisa Lang, PT (*see* Dkt. 23, p. 4). However, the parties disagree as to whether this matter should be reversed and remanded for further proceedings or for an award of benefits.

5

6

7

Ms. Lang opined that plaintiff suffered from various workplace limitations, noted by defendant as follows:

8

9

- never to seldom reach overhead with the left;
- seldom to occasionally reach overhead with the right;
- seldom reach with the left shoulder;
- occasionally to frequently reach below the waist and at waist level with the left;
- frequently reach below the waist and at waist level with the right;
- occasionally perform fine manipulation with the left;
- frequently perform fine manipulation with the right;
- seldom forcefully grasp with the left;
- occasionally forcefully grasp with the right; and
- frequently handle/grasp bilaterally

10

11

12

13

14

15

16

(*Id.* (*citing* AR. 199)). As noted by plaintiff, Ms. Lang also opined that plaintiff was limited to no frequent lifting, as well as other limitations opined by Ms. Lang that were not accommodated into plaintiff's residual functional capacity ("RFC") (*see* AR. 199; *see also* AR. 15).

17

18

19

20

Plaintiff contends that further development of the record is unnecessary and therefore that the plaintiff should be found disabled and this matter should be remanded with a direction to award benefits. Defendant contends that further development of the

21

22

23

24

record is necessary because the "ALJ's decision lacks sufficient specificity in discussing which portions of Ms. Lang's opinion were credited" (*id.*).

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the Court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra,* 80 F.3d at 1292)); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 (9th Cir. December 24, 2014). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 at *30 (9th Cir. December 24, 2014) (citations omitted).

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292)).

The parties agree that the first step is met, as defendant admits that the ALJ erred with respect to the opinion of Ms. Lang (*see* Dkt. 23, p. 4). The ALJ failed to provide any rationale for not adopting the entirety of the opinion of Ms. Lang into the RFC (*see* AR. 15, 199). In her written decision, the ALJ discussed Ms. Lang's opinion and gave it "great weight because she had an opportunity to review the entire record, an opportunity to examine the claimant, and her opinion is consistent with the record as a whole" (*see* AR. 19).

Although defendant contends that further development of the record is necessary because the "ALJ's decision lacks sufficient specificity in discussing which portions of Ms. Lang's opinion were credited," it is very clear from the ALJ's decision that she gave "great weight" to the entirety of Ms. Lang's opinion (*see* AR. 19; *see also* Dkt. 23, p. 4). Therefore, the Court is not persuaded by defendant's argument that further development of the record is necessary: Ms. Lang's opinion is not ambiguous and does not require further development. Instead, what is argued by defendant is essentially that the ALJ should have an opportunity to conclude differently about the identical record, specifically, regarding Ms. Lang's opinion, after already evaluating it, finding it

"consistent with the record as a whole" and providing reasons as to why it should be given great weight (*see* AR. 19). This is the exact type of situation in which "we need not return the case to the ALJ to make a residual functional capacity determination a second time." *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). As concluded by the Ninth Circuit, allowing the ALJ "to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* (*citing Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004) ("noting that the 'Commissioner, having lost this appeal, should not have another opportunity . . . any more than Moisa, had he lost, should have an opportunity for remand and further proceedings")). The opinion of Ms. Lang is clear, the ALJ clearly indicated an intention to adopt it, and the ALJ provided reasons for giving it great weight. Further development of the record regarding the opinion of Ms. Lang would serve no useful purpose, therefore the Court is not convinced by defendant's argument regarding the need for further development of the record. *See Garrison*, *supra,* 759 F.3d at 1020 (footnote and citations omitted).

However, although the record of Ms. Lang does not require further development, the RFC must be adjusted to accommodate the opinion of Ms. Lang, and additional testimony by a vocational expert most likely is required to determine the effect at step four of adopting the limitations opined by Ms. Lang into plaintiff's RFC. Therefore, as discussed further below, discussion of step three of the credit-as-true test reveals that plaintiff not only has not satisfied step three, but also has not satisfied step two, as he has

1    not demonstrated that "entitlement to benefits is clear under the applicable legal rules."

2    *Treichler*, *surpa,* 2014 U.S. App. LEXIS 24463 at \*30.

3        All that remains is the final step in the credit-as-true analysis, whether or not "if

4    the improperly discredited evidence were credited as true, the ALJ would be required to

5    find the claimant disabled on remand." *Garrison*, *supra,* 759 F.3d at 1020 (citations

6    omitted). Although plaintiff contends that crediting "Ms. Lang's opinion as true can only

7    support a finding that [plaintiff]'s limitation prevent him from performing any past

8    relevant work," this is distinct from concluding that if her opinion is credited in full, the

9    ALJ would be required to find plaintiff disabled; and, in addition, there is no citation to

10   this conclusory statement by plaintiff, and the argument in support is not well articulated

11   (*see* Reply, Dkt. 24, p. 6).

12

13       For example, plaintiff points out in his Opening Brief that the ALJ failed to

14   include in the RFC Ms. Lang's opined limitation to occasionally performing fine

15   manipulations with his left arm (*see* Opening Brief, Dkt. 14, p. 13); however, the job of

16   bead cutter as generally performed requires only occasional fingering (*see Selected*

17   *Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*,

18   U.S. Dept. of Labor, Employment and Training Administration, 1993, p. 222, available at

19   http://www.nosscr.org/sco/sco.pdf, last visited 01/12/2015 ("MOLDING CUTTER,"

20   DOT No. 663.685-018)), which was verified by the vocational expert ("VE") (*see* AR.

21   51). Therefore, this argument by plaintiff does not establish that if Ms. Lang's opinion is

22   credited-as-true that the ALJ would be required to find plaintiff disabled.

23

24

Similarly, plaintiff directs the Court's attention to the fact that the ALJ failed to include in the RFC the various limitations opinion by Ms. Lang regarding reaching, and argues that "the job of bead cutter requires frequent reaching" (*id.*). However, the VE testified that while a limitation to occasional reaching at the waist level would preclude the job of bead cutter, occasional reaching overhead with the left upper extremity would not preclude such work (*see* AR. 47, 54-55). As the VE testified, the work at the job of bead cutter is "going to be closer to waist height  . . . . sort of bench work type job" (AR. 50). When asked by the ALJ if a bead cutter is working at waist height, the VE testified in the affirmative (*see id.*). While Ms. Lang limited plaintiff to never to seldom reaching overhead with the left arm and seldom to occasional overhead reaching with the right arm, she opined that he could reach at the waist level frequently with the right arm, and occasionally to frequently with the left arm (AR. 199). Therefore, again, plaintiff's argument fails to demonstrate that the job of bead cutter, which appears to require frequent reaching only at waist level according to the testimony of the VE, is precluded by adoption of the opinion of Ms. Lang. However, the Court notes that whether or not plaintiff's reaching limitations as opined by Ms. Lang precludes this work is not clear based on the record. There is no testimony regarding the effect of her opined reaching limitations at shoulder height on plaintiff's ability to perform this job.

Therefore, for the reasons stated and based on the record as a whole, the Court concludes that plaintiff has not demonstrated that step three of the credit-as-true test is met and has not demonstrated that crediting the opinion of Ms. Lang as true requires a finding of disability.

1    Plaintiff also argues that as a matter of law, he could not have performed the job of

2   bead cutter as generally performed because it was a composite job; however, for the

3   reasons discussed, this argument is not persuasive. As noted by plaintiff, the ALJ did not

4   find that plaintiff could perform this job of bead cutter as actually performed (*see* Dkt.

5   24, p. 4 n.10). This corresponds to the VE's testimony that one with plaintiff's RFC (as

6   found by the ALJ without the further limitations opined by Ms. Lang) could not perform

7   the job of bead cutter/mold cutter as actually performed (*see* AR. 47).

8    As testified to by plaintiff, and as confirmed by the VE's testimony, the way in

9   which plaintiff performed his job of bead cutter/mold cutter was significantly different

10   from the way in which it generally is performed, as he had duties requiring him "several

11   times a day" to go to the chateau table and help a second person flip over a door;  once or

12   twice a week fill in for someone at the chateau table; and, numerous times "bear doors off

13   of prefit" and "go down in the glazing line to help putting the glass in" (*see* AR. 35-36).

14   The VE's testimony verifies plaintiff's argument that his previous work as actually

15   performed contained "many duties that were separate from the duties of a bead cutter,

16   and that required an exertional capacity far beyond the job requirements of a bead cutter

17   as described in the DOT" (*see* Dkt. 14, p. 13). The VE testified that lifting the doors with

18   someone else put the bead cutter/mold cutter job as actually performed, which as

19   generally performed is a light job (*see* AR. 45), into the medium to heavy category (*see*

20   AR. 46).

21    However, the conclusion mandated by these facts is not clear. Although plaintiff

22   argues that this evidence demonstrates that the bead cutter job as actually performed

therefore was a "composite job" as a matter of law, a relevant Social Security Ruling ("SSR") contradicts that argument. It is true, as noted by plaintiff, that according to the internal Social Security guideline, the POMS, "composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT;" and that an ALJ should therefore "not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'" POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 01/12/2015. However, it also is true that this provision of the POMS has significant tension with SSR 82-61, which includes the following:

> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

SSR 82-61, 1982 SSR LEXIS 31 at * 4.

In addition, according to the Ninth Circuit, although the "POMS may be 'entitled to respect' under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1994) to the extent it provides a persuasive interpretation of an ambiguous regulation, [] it 'does not impose judicially enforceable duties on either this court or the ALJ.'" *Carillo-Years v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations omitted). Here, in this matter, it appears that this POMS section conflicts with SSR 82-61 and actually creates ambiguity. *See* SSR 82-61, 1982 SSR LEXIS 31 at * 4. Therefore, the Court concludes that plaintiff has not

1  demonstrated that he is disabled as a matter of law and that no further issues need be

2  determined by the ALJ. Plaintiff has not demonstrated that "entitlement to benefits is

3  clear under the applicable legal rules." *See Treichler*, *supra*, 2014 U.S. App. LEXIS

4  24463 at *30.

5       Therefore, for the reasons stated and based on the record as a whole, the Court

6  concludes that this matter must be remanded for further administrative consideration.

7                                  <u>CONCLUSION</u>

8       The parties admit that the ALJ erred with respect to the opinion of Ms. Lang, and

9  the Court concludes that the record does not require further development regarding her

10 opinion. However, crediting-as-true her opinion does not require a finding of disability,

11 and plaintiff has not demonstrated that he otherwise was disabled as a matter of law

12 during the relevant period of time.

13

14      Based on these reasons and the relevant record, the Court **ORDERS** that this

15 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

16 405(g) to the Acting Commissioner for further consideration consistent with this order.

17      **JUDGMENT** should be for plaintiff and the case should be closed.

18      Dated this 14th day of January, 2015.

19

20      _____

21      J. Richard Creatura
        United States Magistrate Judge

22

23

24