UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID L. WHIIPPLE,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>             Defendant. | CASE NO. 13-cv-06079 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 31). Defendant has no objection to plaintiff's request (*see* Dkt. 36).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

1 *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first 2 to such agreement and will conduct an independent review to assure the reasonableness of the 3 fee requested, taking into consideration the character of the representation and results achieved. 4 *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the 5 fee agreement is the primary means for determining the fee, the Court will adjust the fee 6 downward if substandard representation was provided, if the attorney caused excessive delay, or 7 if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 8 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9   Here, the representation was standard, at least, and the results achieved excellent (*see* 10 Dkt. 31, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808. After full briefing, this Court 11 ordered that this matter be reversed and remanded for further administrative proceedings (*see* 12 Dkt. 25). After a hearing before an Administrative Law Judge, the ALJ awarded disability 13 benefits to plaintiff at an additional hearing (Dkt. 31, Attachment 1, p. 1). In addition, there has 14 not been excessive delay and no windfall will result from the requested fee.

15   Plaintiff's total back payment was $51,888.00 (*see* Dkt. 31, Attachment 3, p. 2). Plaintiff 16 has moved for a net attorney's fee of $6,972.00 (*see* Motion, Dkt. 31, p. 1), and the Court has 17 considered the gross attorney's fee of $12,972.00 (*see* Dkt. 31, Attachment 3) and the EAJA 18 award received by plaintiff's attorney in the amount of $5,218.44 (*see* Dkt. 30), plus plaintiff's 19 additional voluntary reduction of $781.56. *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 20 1221 (9th Cir. 2012).

21   Based on plaintiff's motion and supporting documents (*see* Dkt. 31, Attachments 1, 3, 4, 22 5, 6), and with no objection from defendant (Dkt. 36), it is hereby ORDERED that attorney's 23 fees in the amount of $6,972.00 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 24

1  406(b). This amount should be sent to plaintiff's attorney, minus any applicable processing fees

2  as allowed by statute.

3  Dated this 24th day of August, 2016.

4

5  [signature]

   J. Richard Creatura
6  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3